**JIAN RONG XIAO, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–1637–ag.

United States Court of Appeals, Second Circuit.

Jan. 11, 2007.

Gary J. Yerman, New York, NY, for Petitioner.

George E.B. Holding, Acting United States Attorney, Anne M. Hayes, Jennifer P. May–Parker, Assistant United States Attorneys, Raleigh, NC, for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. THOMAS J. MESKILL and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Jian Rong Xiao, a native and citizen of the People's Republic of China, seeks review of a March 21, 2006 order of the BIA affirming the May 25, 2004 decision of Immigration Judge ("IJ") Sandy Hom denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jian Rong Xiao*, No. A 77 767 463 (B.I.A. Mar. 21, 2006), *aff'g* No. A 77 767 463 (Immig. Ct. N.Y. City May 25, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA agrees with the IJ's conclusion that a petitioner is not credible and emphasizes particular aspects of that decision, this Court reviews the IJ's decision, including the portions not explicitly discussed by the BIA, but not including arguments specifically rejected by the BIA. *See Yun–Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir.2005); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court then reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled

to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

■ Due to the numerous flaws in the agency's reasoning, we cannot confidently predict that the IJ would adhere to his adverse credibility determination on remand, absent the following errors. First, the IJ found that Xiao's testimony that she married her husband in May 1990, registered their marriage in October 1990, and was living with her husband's family at the time of her daughter's birth was inconsistent with her household registry, indicating that she did not move into her husband's home until January 1993. Xiao explained that in 1993, she, her husband, and children, moved from her husband's parents' home to their own home, even though they had married three years earlier. Because the IJ failed to consider these factual assertions and failed to identify explicitly the perceived inconsistencies to Xiao, this finding cannot support an adverse credibility determination. *See Latifi v. Gonzales,* 430 F.3d 103, 105 (2d Cir.2005); *Ming Shi Xue v. BIA,* 439 F.3d 111, 124–25 (2d Cir.2006). The IJ's finding is also problematic because it assumes that the notation "Moved from Yangqi on

1/8/93 for marriage" indicates that Xiao married in 1993, which is directly contradicted by her marriage certificate and testimony. *See Cao He Lin,* 428 F.3d at 405.

■ The IJ's finding that Xiao's claim to have fled in 1992 conflicted with documentary evidence that she stayed at home until 1998 was based on a mischaracterization of the record, and therefore cannot support the adverse credibility determination. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). Xiao actually testified that she returned from hiding in 1992, and did not claim to have fled from authorities after that date. Because it was based on the same mischaracterization of the record, the IJ's finding that it was implausible that Xiao could have obtained a business permit in 1998 while she was in hiding also cannot support the adverse credibility determination. *See id.* The IJ's finding that Xiao's testimony was vague regarding the Chinese government's "IUD demands" and her sterilization procedure is also unsupported by the record. *See Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 114 (2d Cir.2005); *Jin Shui Qiu v. Ashcroft,* 329 F.3d 140, 152 (2d Cir. 2003). Neither the IJ nor the government probed Xiao for additional details about these incidents, nor did the IJ point to any specific details absent from Xiao's testimony. *See id.*

■ The IJ found Xiao's personal documents unreliable because she failed to testify to their authenticity or origin. However, Xiao testified to the issuance and chain of custody with respect to each of these documents, after which the IJ admitted each document into evidence. If the IJ considered this testimony insufficient to establish a foundation for the documents, he should have questioned her

further regarding their authenticity and origin before penalizing her. *See Qun Yang v. McElroy*, 277 F.3d 158, 162 & n. 3 (2d Cir.2002); *Ming Shi Xue*, 439 F.3d at 125. The IJ also found the notarial birth certificates for Xiao, her husband, and children to be unreliable because they were not issued contemporaneously with their births. Xiao explained that she could not obtain a birth certificate for him because she did not want to put the private doctor, who unlawfully assisted her with the birth of her son, at risk of imprisonment. Because the IJ showed no indication of having taken into account this factual assertion, the IJ's unreliability finding, at least as to Xiao's son's birth certificate, is undermined. *See Latifi*, 430 F.3d at 105. The IJ never asked Xiao why she did not have contemporaneously-issued birth certificates for herself and her husband. Thus the IJ's finding is unsupported as to these documents as well. *See Zhi Wei Pang v. BCIS*, 448 F.3d 102, 109–10 (2d Cir.2006). Furthermore, the household registration provides additional corroboration of the birth dates of Xiao's family.

 The IJ's finding that the notarial certificates were unreliable because the source of information relied upon for their issuance was unclear is also undermined to the extent that the IJ failed to account for Xiao's assertion that her mother-in-law showed the notarial office Xiao's household registry and identification card. *See Latifi*, 430 F.3d at 105. The IJ found further that the medical corroboration of Xiao's sterilization was "suspect" due to Xiao's confusing testimony regarding her medical appointments. Xiao coherently testified about the location of her doctor's office, the date of her examination, and the steps her doctor took in examining her. Because the IJ neither explained how Xiao's

testimony was confusing, nor asked Xiao any questions to clarify statements he deemed confusing, we cannot affirm this finding, as we fail to see how it is supported by the record. *See Secaida–Rosales*, 331 F.3d at 307. Due to the identified errors in the IJ's adverse credibility determination, we remand, as we cannot confidently predict that the same result would be reached on remand absent these errors. *See Xiao Ji Chen*, 434 F.3d at 159; *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 107 (2d Cir.2006). Because each of Xiao's claims are tied to the agency's flawed credibility analysis and the agency has not clearly articulated alternative bases for denial, we remand all of her claims. *Cf. Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).